STANTON v LLOYD HAMMOND PRODUCE FARMS

1. WORKMEN'S COMPENSATION—PERSONAL ACTIVITY—EMPLOYMENT RE-
   LATIONSHIP—EXPECTABLE DEVIATION—COMPENSABLE INJURY.

   An employee's injuries which occurred off the employer's prem-
   ises during a personal activity unapproved by the employer but
   reasonably incidental to the employment relationship are com-
   pensable under the workmen's compensation act; expectable
   deviations from the routine of work do not render injuries
   noncompensable.

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—DUE PROCESS—FLEXI-
   BLE CONCEPTS—VOID LEGISLATION—VOID AB INITIO.

   Equal protection and due process are flexible concepts; legislation
   held constitutional under these standards may later be found
   constitutionally deficient, but such a finding does not mandate
   that the legislation must be held void *ab initio.*

3. WORKMEN'S COMPENSATION—AGRICULTURAL WORKERS—PIECEWORK
   —EQUAL PROTECTION—TRUCK DRIVERS.

   The statute excluding employers of agricultural·workers paid on
   a piecework basis from workmen's compensation liability re-
   sults in an unconstitutional denial of equal protection of the
   laws when it is applied to exclude an injured worker employed
   to deliver farm produce from benefits because his wages are
   based on the amount of produce he delivers; there is no basis
   for distinguishing the work of a laborer who drives a truck at a
   factory from a laborer who drives one on the farm (MCLA
   418.115[d]; MSA 17.237[115][d]).

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted November 5, 1975, at Lans-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 214 *et seq.*
[2] 16 Am Jur 2d, Constitutional Law § 485 *et seq.*
[3] 81 Am Jur 2d, Workmen's Compensation § 121 *et seq.*
   Workmen's compensation: application to employees engaged in
   farming. 107 ALR 977 s. 140 ALR 399.

ing. (Docket No. 22408.) Decided February 10, 1976. Leave to appeal granted, 397 Mich —.

Claim by Ronald Stanton against Lloyd Hammond Produce Farms and Farm Bureau Mutual Insurance Company for workmen's compensation benefits. Compensation for medical expenses granted but wage compensation denied. Plaintiff appeals by leave granted. Award of medical expenses affirmed and denial of wage benefits reversed.

*Farhat, Burns & Story, P. C. (Benjamin Marcus,* of counsel), for plaintiff.

*Munroe & Nobach, P. C.,* for defendant.

Before: ALLEN, P. J., and BRONSON and R. M. MAHER, JJ.

R. M. MAHER, J. Plaintiff claimed wage benefits and medical expenses after being injured while employed by defendant Hammond Produce Farms. In a three to two decision, the Workmen's Compensation Appeal Board ordered payment of medical expenses but not wage benefits. Plaintiff appeals by leave.

Plaintiff drove a truck for defendant, delivering produce to cities in Southern Michigan and Indiana. His wages depended upon the amount of produce he delivered. On March 1, 1972, while returning from a delivery in Detroit to defendant's farm in East Lansing, plaintiff's truck hit a patch of ice. It rolled over and left the road, temporarily pinning defendant inside.

A hearing was held in March, 1973. The referee awarded wage benefits from March 2, 1972 to May

4, 1972, and medical expenses. The appeal board, deciding against retroactive application of *Gallegos v Glaser Crandell Co,* 388 Mich 654; 202 NW2d 786 (1972), reversed the award of wage benefits. The board agreed with the referee that plaintiff's injuries arose out of and in the course of his employment and affirmed the award of medical expenses.

Defendants challenge that plaintiff's injuries are, in any way, compensable. Plaintiff admitted that when the accident happened, he was on his way to his sister's home to tell his brother-in-law that he would need a ride home from the farm. Plaintiff testified that he had worked too late the night before the accident to return to his sister's, where he was staying, and that her phone had been out of order for some time. To reach his sister's, plaintiff turned off I-96 at M-52 and proceeded northward. He intended to turn from M-52 to M-78, but the accident happened on M-52 before he reached its intersection with M-78. The usual route taken to reach the farm from Detroit was to continue on I-96 past M-52. The route taken by plaintiff would have added less than 10 miles to the total trip, but defendant claims the deviation took plaintiff out of the course of employment.

Defendant correctly points out that, since there is no indication that plaintiff's employer approved, even through acquiescence, of the detour for personal business, the recent case of *Thomas v Certified Refrigeration, Inc,* 392 Mich 623; 221 NW2d 378 (1974), does not require a finding that plaintiff's injuries are compensable. *Thomas* consciously avoided deciding "the further issue whether injury is compensable which occurs off the employer's premises during a personal activity unapproved by the employer but where the activity is reasonably

incidental to the employment relationship". 392 Mich at 636.

· Nevertheless, *Thomas* did overrule *Conklin v Industrial Transport, Inc,* 312 Mich 250; 20 NW2d 179 (1945). *Conklin* offered the strongest support in Michigan jurisprudence for finding plaintiff's injuries to be noncompensable. *Thomas* also suggested that the rule of *Crilly v Ballou,* 353 Mich 303; 91 NW2d 493 (1958), be extended to apply to situations such as the one presented by the instant case. *Crilly* dealt with compensation for injury resulting from horseplay at the job site. Justice SMITH wrote in *Crilly:*

"Herein lies our answer. For the purposes of the compensation act the concept of course of employment is more comprehensive than the assigned work at the lathe. It includes an employee's ministrations to his own human needs: he must eat; concessions to his own human frailties: he must rest, must now and then have a break, and he sometimes, even on the job, plays practical jokes on his fellows. Course of employment is not scope of employment. The former, as the cases so clearly reveal, is a way of life in a working environment. If the injury results from the work itself, or from the stresses, the tensions, the associations, of the working environments, human as well as material, it is compensable. Why? Because those are the ingredients of the product itself. It carries to the market with it, on its price tag stained and scarred, its human as well as its material costs. So says the statute. It does not become us to ignore its plain commands." 353 Mich at 326.

Plaintiff's injuries happened during what the appeal board appropriately called a "slight deviation". The long hours he worked the night before were given by plaintiff as the reason he chose an alternate route that would take him past his sister's home. If the deviation was not approved, it

could at least be expected that plaintiff, in the many miles of driving he did for defendant, would not always take the shortest route. Expectable deviations from the routine of work do not render injuries noncompensable, *Crilly, supra,* and we see no reason why, when the employment involves driving the employer's vehicle, deviations which cannot be called unusual should deprive the employee-driver of compensation. *Thomas* points out that in *Crilly,* Justice SMITH offered the following quote from *Secor v Penn Service Garage,* 19 NJ 315; 117 A2d 12 (1955):

" 'An employee is not an automaton, and, even when he is highly efficient, he will to some extent deviate from the uninterrupted performance of his work. Such deviation, if it be considered minor in the light of the particular time, place and circumstance, is realistically viewed by the employer and the employee as a normal incidence of the employment relation and ought not in this day be viewed as legally breaching the course thereof. Fulfillment of the high purposes of our socially important and ever broadening workmen's compensation act suggests this approach and nothing in the statutory terms dictates any narrower position.' " 353 Mich 303, 314.

We hold that plaintiff's injuries, which happened while he was travelling on a slightly longer alternate route in order to pass his sister's home, were within the course of his employment.

The appeal board denied wage benefits to plaintiff on the basis of MCLA 418.115(d); MSA 17.237(115)(d). The date of plaintiff's accident preceded the decision in *Gallegos v Glaser Crandall Co, supra,* and the board opted for a prospective application of that decision. Plaintiff argues that *Gallegos,* since it found MCLA 418.115(d); MSA 17.237(115)(d) violative of equal protection, must

be read as meaning that the agricultural workers exclusion has never had any effect. The provision, plaintiff maintains, is void *ab initio.*

The void *ab initio* theory, though certainly well supported by the jurisprudence of this state, is an over-simplication that we need not apply here. The recent Supreme Court decision dealing with the guest passenger statute, *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), points to the error of applying the theory automatically. Justice LEVIN's opinion makes obvious the fact that equal protection and due process are flexible concepts and that legislation held constitutional under these standards may later be found constitutionally deficient. The void *ab initio* theory disregards the importance that changing factual contexts play in constitutional adjudication.

Though declining plaintiff's invitation to apply the void *ab initio* theory to the agricultural workers exclusion, we are of the opinion that the board improperly deprived this plaintiff of his rights by application of the exclusion. "There is no basis for distinguishing the work of a laborer who drives a truck at a factory from a laborer who drives one on the farm * * * ." *Gallegos, supra,* 667. There is even less basis for distinguishing solely on the contents of different trucks driven on public highways. Had plaintiff delivered pipe or automobile parts, and not potatoes, he would have been entitled to wage benefits under the statute.

We only hold that the application of MCLA 418.115(d); MSA 17.237(115)(d) to an employee in plaintiff's position violates his rights to equal protection. In so doing, we are aware that situations may be presented in which we would not be inclined to disregard reliance upon statutes prior to

judicial pronouncements of their invalidity. See, *e.g.*, *Lemon v Kurtzman*, 411 US 192; 93 S Ct 1463; 36 L Ed 2d 151 (1973). As the opinion of the appeal board notes, however, defendants apparently rested their appeal primarily on the deviation issue. Defendants did not present a sufficient case in this instance for nonretroactivity of *Gallegos* to either the board or to this Court. The board should not have decided in favor of blanket nonretroactivity in this case.

Affirmed on the issue of medical expenses. Reversed and remanded to the Workmen's Compensation Commission for reinstatement of the referee's award. No costs.