McNUTT v OVERHEAD CONVEYOR COMPANY

1. Workmen's Compensation—Deviation from Employer's Business —Private Excursion—Injuries Going to and from Work.

Workmen's compensation is properly denied an employee whose travel time is ordinarily considered employment because of required job site turnovers and an identifiable travel allowance, where the employee is injured in an automobile accident while returning from his job site but where such injury occurs while the employee is substantially deviating from his employment by meandering in search of holiday cheer.

2. Workmen's Compensation—Deviation from Employer's Business —Private Excursion.

An employee injured while on a personal detour from the business portion of a trip is precluded from recovering workmen's compensation where the personal detour is so great that the deviation dwarfs the business portion of the trip.

Appeal from Workmen's Compensation Appeal Board. Submitted June 17, 1976, at Detroit. (Docket No. 25107.) Decided September 7, 1976.

Claim by George McNutt against Overhead Conveyor Company and The Travelers Insurance Company for workmen's compensation. Compensation denied. Plaintiff appeals by leave granted. Affirmed.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.,* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross*), for defendants.

Reference for Points in Headnotes
[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 252, 286.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

D. C. RILEY, J. Plaintiff, injured in a 1970 Christmas Eve automobile accident, urges us to reverse the Workmen's Compensation Appeal Board's denial of compensation and to declare that plaintiff's travel injuries are compensable.

Plaintiff operated cranes for defendant Overhead Conveyor Co. at various job sites throughout Michigan and received a union-negotiated travel allowance based on the distance from Detroit to the job site. In December, 1970 plaintiff worked in Albion and received an eight dollar per day travel allowance over and above his regular wages. Although providing a full day's wages, defendant released its employees at noon on Christmas Eve. Plaintiff remained on the job site for two hours and drank two alcoholic drinks with co-workers and supervisors.

Although plaintiff lived 80–90 miles to the east, in Southgate, his travels from the job site were multi-directional. He first journeyed east with a co-employee, Ripley, to Jackson, then exited the freeway and headed south to a bar. Plaintiff there consumed several drinks. After imbibing there, McNutt and Ripley headed north towards Pleasant Lake, hoping to locate a former co-employee, Peacock. The men entered another bar and drank for about an hour. Peacock testified that, in his opinion, McNutt "had been drinking quite a bit". Finally at 5 p.m., plaintiff headed home. Unfortunately, within a mile of the tavern, plaintiff steered his car into the path of another auto and collided. He has not worked since the accident.

Even accepting that plaintiff's daily travel time

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ordinarily was employment because of an identifiable travel allowance paid and because of the travel necessities required by job site turnover,[1] we cannot agree that these particular travel injuries are compensable. We believe, as did the majority of the board, that plaintiff substantially deviated from his employment by his meanderings in search of holiday cheer.

Under *Thomas v Certified Refrigeration, Inc,* 392 Mich 623; 221 NW2d 378 (1974), plaintiff is precluded from recovery if his "personal * * * detour is so great that the deviation dwarfs the business portion of the trip". 392 Mich at 635. In applying the balancing test authorized by *Thomas,* the strong evidence of plaintiff's drinking tips the scales against him. An employer need not compensate an employee who, knowing that he faces a lengthy drive home, chooses to pass the afternoon in pursuit of holiday celebrations. Compare *Stanton v Lloyd Hammond Produce Farms,* 67 Mich App 279; 240 NW2d 773 (1976) ("slight deviation").

Affirmed. No costs; a public question.

---

[1] *See Pappas v Sport Services, Inc,* 68 Mich App 423; 243 NW2d 10 (1976).